## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER TURDO<br>27 West Allen St.<br>Allentown, PA 18102<br><br>           Plaintiff,<br><br>   v.<br><br>AMAZON.COM.DEDC, LLC.<br>*d/b/a* AMAZON<br>705 Boulder Dr.<br>Breinigsville, PA 18031<br><br>         Defendant. | CIVIL ACTION<br><br>No.:_____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Heather Turdo (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.    Plaintiff has initiated this action to redress violations by Amazon.com.dedc, LLC. *d/b/a* Amazon (*hereinafter* referred to as "Defendant") of the American's with Disabilities Act, as amended ("ADA" – 42 U.S.C. §§ 12101 *et seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the PHRC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

## JURISDICTION AND VENUE

2.       This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.       This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.       Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.       Plaintiff is proceeding herein (in part) under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.       The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.       Plaintiff is an adult individual, with an address as set forth in the caption.

2

8.      Defendant is a private company engaged in the business of selling products through the internet. Plaintiff physically worked at the above-captioned address, one of Defendant's Fulfillment Centers.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was hired by Defendant in or about May of 2011.

12.     Throughout her tenure with Defendant, Plaintiff performed in several capacities.

13.     In or about September of 2013, Plaintiff was offered and accepted the position of Process Assistant ("PA" – a Tier III position) at ABE2 – one of several buildings located at Defendant's Fulfillment Center in Breinigsville, PA.

14.     In or about 2016, Plaintiff was suffering from disabilities related to her knee, which at times prevented her from performing some daily life activities, including but not limited to lifting, prolonged standing, crawling, squatting, and kneeling.

15.     In or about April of 2016, Plaintiff apprised Defendant of her aforesaid health conditions and submitted a note outlining her restrictions which indicated that she could work with some limitations, including "limited lifting to 25lbs, avoid standing [more than] 1 hr w/o sitting break, avoid crawling/squatting/kneeling repetitively."

16.     Following her April, 2016 doctor's note (discussed *supra*), Plaintiff continued to perform her job as a PA with the aforesaid limitations.

3

17.     In or about June of 2016, Plaintiff requested an approximate three-month medical leave of absence to undergo and recover from knee surgery (a reasonable accommodation under the ADA).

18.     Plaintiff's aforesaid three-month medical leave commenced on or about June 11, 2016 and Plaintiff was released to return to work with restrictions in or about September of 2016. Plaintiff's restrictions included "sedentary work", no lifting greater than fifteen pounds, no kneeling, crawling, squatting, crouching, or running and limited bending, standing, walking, and reaching overhead.

19.     Despite her aforesaid health conditions and restrictions as of September 2016, Plaintiff was still able to perform her job as a PA but was given task modifications such as using a chair when needed and limited standing and walking.

20.     Plaintiff continued to work in her PA position at Defendant's ABE2 building until in or about May of 2017, at which point in time Plaintiff transferred from her PA position to a Field Transportation Specialist position, also known as a Yard Specialist (a Tier III position).

21.     Despite Plaintiff's ongoing health conditions and limitations (discussed *supra*), Plaintiff performed the role of a Yard Specialist without issue for several months until Plaintiff was told by Defendant's management that she would have to start performing an additional task called truck jockeying, which included driving up to 50-foot trailers and climbing in and out of trucks.

22.     In or about September of 2017, Plaintiff informed Defendant's management that due to her health conditions, she could not perform the new additional task of truck jockeying.[2] In response, Defendant instructed Plaintiff to provide medical documentation regarding same.

---

[2] Plaintiff did attempt to perform the aforesaid truck jockeying duties but was unable to do so because it was cause significant pain to her knee.

23.     On or about October 16, 2017, Plaintiff provided medical documentation indicating that she was unable to perform the task of truck jockeying due to her aforesaid knee condition.

24.     For approximately four weeks after first informing Defendant's management of her inability to perform the task of truck jockeying, Plaintiff continued to work in her position as a Yard Specialist without performing any truck jockeying duties.

25.     During this approximate four weeks, there was plenty of work for Plaintiff absent any truck jockeying duties and she continued to work 40 hours per week.

26.     In or about late October of 2017, Plaintiff was informed by Defendant's Accommodation Team that they would not be able to accommodate her restrictions and placed her on an involuntary leave of absence.

27.     Defendant could have easily accommodated Plaintiff's restrictions in her aforesaid Yard Specialist position, as (1) Defendant had been doing so for approximately four weeks before Defendant placed her on a involuntary medical leave; (2) truck jockeying was not an essential function of her job as a Yard Specialist and would only performed minimally compared to all of her other duties; and (3) absent the aforesaid truck jockeying tasks, there was still plenty of duties for Plaintiff to work 40 hours a week as a Yard Specialist.

28.     During her aforesaid forced medical leave, Plaintiff was contacted by Jennifer Reiner (Regional Accommodation Manager). During her communications with Ms. Reiner, Plaintiff expressed that she would be willing to perform any job given to her within her restrictions, including her prior PA position within Defendant's ABE2 building (which was within her restrictions).

29.     At one point during her involuntary medical leave, Ms. Reiner contacted Plaintiff and offered her a PA position but within Defendant's ABE3 building or Defendant's ABE4 building (versus the ABE2 building that Plaintiff had previously worked in).

30.     Defendant's ABE4 building is considered a "bulk" building where no items are below 10 pounds and in order to work in said building, Plaintiff would be required to lift over 50 pounds. Therefore, Plaintiff was not able to work within Defendant's ABE4 building as a PA due to her lifting restrictions.

31.     Furthermore, unlike Defendant's ABE2 building, Defendant's ABE3 building did not have a conveyor belt, therefore, Plaintiff would be required to walk, lift, bend, and stand significantly more than she was doing at Defendant's ABE2 building and therefore said position did not fall within her restrictions.

32.     Based on the foregoing, Plaintiff had to reject the aforesaid PA positions being offered to her but again reiterated that she could perform her prior PA position in ABE2, other tier III or lower positions, or her prior role as a Yard Specialist absent the truck jockeying task (discussed *supra*).

33.     Plaintiff was refused any other work at Defendant and effectively terminated from her position with Defendant, even though Defendant continually hires for jobs that Plaintiff previously inquired about and had numerous available roles that Plaintiff could have performed.

34.     Plaintiff therefore believes and avers that she was placed on an involuntary medical leave, stonewalled, prohibited from returning to work, refused accommodations and effectively terminated from her employment in violation of the ADA.

**COUNT I**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     Plaintiff therefore believes and avers that she was placed on an involuntary medical leave, stonewalled, prohibited from returning to work, and effectively terminated from her employment because of (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requests for reasonable accommodations; and/or (4) Defendant's failure to engage in the interactive process and accommodate her health conditions.

37.     These actions as aforesaid constitute unlawful discrimination and retaliation under the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority.

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress, pain, suffering, and humiliation); and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari. R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Date: July 11, 2018

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Heather Turdo

v.

Amazon.com.dedc, LLC. d/b/a Amazon

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.             ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                         (X )

_7/11/2018_                    _(signature)_                      Plaintiff
**Date**                      **Attorney-at-law**                **Attorney for**

_(215) 639-0801_              _(215) 639-4970_                   akarpf@karpf-law.com
**Telephone**                 **FAX Number**                     **E-Mail Address**

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:   27 West Allen Street, Allentown, PA 18102

Address of Defendant:   705 Boulder Drive, Breinigsville, PA 18031

Place of Accident, Incident or Transaction:   Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                                 Yes ☐   No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?            Yes ☐   No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                                         Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   7/11/2018                 _____                 ARK2484 / 91538
                                          *Attorney-at-Law / Pro Se Plaintiff*                 *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*      *Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☒  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10. Social Security Review Cases
☐  11. All other Federal Question Cases
        *(Please specify):* _____

*B.*      *Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE:   7/11/2018                 _____                 ARK2484 / 91538
                                          *Attorney-at-Law / Pro Se Plaintiff*                 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TURDO, HEATHER

**DEFENDANTS**

AMAZON.COM.DEDC, LLC. d/b/a AMAZON

**(b)** County of Residence of First Listed Plaintiff    Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA and the PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE    7/11/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

| Print | Save As... | Reset |